# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-05105-JGB (JDE) | Date | November 6, 2018 |
|---|---|---|---|
| Title | Flordeliza A. Hawkins v. Nancy A. Berryhill, Acting Commissioner, etc. | | |

Present: The Honorable    John D. Early, United States Magistrate Judge

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**   (In Chambers) Further Order to Show Cause

On June 8, 2018, Plaintiff Flordeliza A. Hawkins, proceeding pro se, filed a Complaint seeking review of Social Security decision against Nancy A. Berryhill, Acting Commissioner of Social Security ("Complaint," Dkt. 1). On May 21, 2018, the Court issued a Case Management Order (Dkt. 4, "CMO") ordering Plaintiff to "promptly serve the summons and complaint and copy of the [CMO] in the manner required by Rule 4(i) of the Federal Rules of Civil Procedure. Failure to serve process in compliance with Rule 4 within ninety days (90) after the filing of the Complaint may result in the dismissal of the case. See Fed. R. Civ. P. 4(m)." CMO § I. As a result, a proof of service of the summons and complaint was required to be filed by September 7, 2018. As of the date of this Order, Defendant has not appeared.

The docket of this action reflects that as of the date of this Order, Plaintiff has not requested the issuance of a summons. As a result, Plaintiff has not complied with Rule 4(i) of the Federal Rules of Civil Procedure ("Rules" or, individually, "Rule") or the CMO to promptly serve the summons and complaint.

Rule 4(c) that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(m) provides that if a defendant "is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if a plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period. Id. Further, unless service is waived, proofs of service must be provided to the Court in an appropriate form. Fed. R. Civ. P. 4(l). The Complaint was filed 100 days prior to the date of this Order.

On June 25, 2018, Plaintiff filed a document entitled "Proof of Service" (Dkt. 5) which on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-05105-JGB (JDE) | Date | November 6, 2018 |
|---|---|---|---|
| Title | Flordeliza A. Hawkins v. Nancy A. Berryhill, Acting Commissioner, etc. | | |

its face does not purport to reflect a service of the summons in this action and as a result does not constitute effective service under Rule 4 or the CMO. As it is facially invalid to prove proper service, the Court expresses no opinion here as to whether the proof of service filed otherwise would have reflected effective service of process upon a federal governmental agency, but directs Plaintiff to Rule 4(i)(2).

On September 17, 2018, the Court recited the forgoing and ordered Plaintiff to show good cause in writing within fourteen days why the Court should not recommend the dismissal this action pursuant to Rule 4(m) for failure to timely serve defendant and pursuant to Rule 41(b) for failure to prosecute and failure to comply with a Court order. Dkt. 10 ("OSC").

On September 27, 2018, Plaintiff filed a Response to the OSC. Dkt. 11 ("Response"). In her Response, Plaintiff asserted that the Complaint was served upon Defendant as reflected in an attached proof of service. Id. at 1. Although Plaintiff attached a number of documents to the Response, it appears that she is referring to a handwritten "Certificate of Service" which appears to reflect that Plaintiff "served" the Defendant by sending 32 pages by certified mail to Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, at an address in Baltimore, Maryland. Id. at 4 (CM/ECF pagination).

Plaintiff's purported proof of service is deficient for a number of reasons. First, as noted above, Plaintiff is responsible for obtaining and serving a copy of a summons along with the complaint. See Rule 4(c) and CMO §I. Plaintiff has not requested nor received a summons, so the "proof of service" is ineffective to prove proper service under Rule 4. Second, the proof of service does not reflect proper service upon an agency or employee of the United States. See Rule 4(i). Third, a party to an action cannot serve a summons and complaint. Rule 4(c)(2).

Plaintiff has not offered evidence of proper service of Defendant more than 150 days after the filing of the Complaint, and the Response does not show cause why this action should not be dismissed. However, as Plaintiff is proceeding pro se, the Court does not, at this time, recommend dismissal of the action under Rule 4; rather, the Court will provide Plaintiff with an additional twenty-one (21) days from the date of this Order to properly serve Defendant with process and file an appropriate proof of service attesting to such service.

Plaintiff is cautioned that failure to timely comply with this Order will result in a recommendation of dismissal of the action for failure to comply with Rules 4 and 41(b) of the Federal Rules of Civil Procedure. Plaintiff is encouraged to contact one of the Pro Se Clinics, information regarding which is available on the Court's website.

IT IS SO ORDERED.